**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

ROBERT MCNAIRY,

                Petitioner,

vs.

UNITED STATES OF AMERICA,

                Respondent.

No. C 12-4110-MWB
(No. CR 10-4083-6-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S MOTION UNDER 28
U.S.C. § 2255 TO VACATE, SET
ASIDE, OR CORRECT A
SENTENCE**

---

## TABLE OF CONTENTS

I.    **INTRODUCTION**................................................................... 2
    A.    *Criminal Proceedings* ................................................ 2
    B.    *Section 2255 Proceedings* .......................................... 7

II.    **LEGAL ANALYSIS** ................................................................ 9
    A.    *Standards For § 2255 Relief*..................................... 9
        1.    *Grounds for relief* ......................................... 9
        2.    *Standards for an evidentiary hearing*................. 11
    B.    *McNairy's "Ineffective Assistance Of Counsel" Claims* .................. 12
        1.    *Applicable standards*..................................... 13
        2.    *Inadequate challenges to prior conviction evidence* ............... 14
            a.    *Arguments of the parties* ....................... 14
            b.    *Analysis* ............................................. 16
        3.    *Failure to challenge "expert" testimony of law
            enforcement officers*...................................... 19
            a.    *Arguments of the parties* ....................... 19
            b.    *Analysis* ............................................. 21
        4.    *Other ineffective assistance of counsel claims*.................... 24
    C.    *McNairy's Claims Of Other Constitutional Violations* ................ 25
    D.    *Certificate Of Appealability*..................................... 26

III.    **CONCLUSION** .................................................................... 27

This case is before me on petitioner Robert McNairy's Amended And Recast Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence (Amended § 2255 Motion) (Civ. docket no. 23), filed with the assistance of counsel on August 26, 2013. McNairy seeks relief on several claims of ineffective assistance of counsel and two constitutional claims. The respondent denies that McNairy is entitled to any relief on his claims.

## I.      INTRODUCTION
### A.      Criminal Proceedings

Petitioner Robert McNairy and six co-defendants were charged in a 13-count Indictment (Crim. docket no. 8), handed down August 19, 2010, with various drug-trafficking offenses involving crack cocaine. Counsel was appointed to represent McNairy. In a 14-count Superseding Indictment (Crim. docket no. 137), handed down December 14, 2010, against McNairy and four co-defendants, McNairy was charged with the following drug-trafficking offenses: conspiracy, with four co-defendants, to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine containing crack cocaine, after a previous conviction of a felony drug offense, in violation of 21 U.S.C. § 846, in Count 1; distributing and aiding and abetting the distribution of an unspecified quantity of crack cocaine, after a previous conviction of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851, and 18 U.S.C. § 2, in Count 3; and distributing and aiding and abetting the distribution of an unspecified quantity of crack cocaine within 1000 feet of a school, after a previous conviction of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851, and 860(a), and 18 U.S.C. § 2, in Count 4. A jury trial was set on the charges in

the Superseding Indictment against all defendants for February 7, 2011.  Prior to trial, in an Order (Crim. docket no. 202), filed January 28, 2011, I granted the prosecution's Motion To Amend Superseding Indictment, inter alia, to change the quantity of drugs alleged in the "conspiracy" charge to read "28 grams or more," and to change the relevant code section.  By the time of trial, three co-defendants had entered guilty pleas to the charges against them, and only McNairy and one other defendant proceeded to trial.

On January 24, 2011, McNairy's trial counsel filed a Motion In Limine (Crim. docket no. 180), asserting that, because McNairy would not testify at trial, his prior criminal history should be excluded pursuant to Rules 609(a)(1) and (b) and 403 of the Federal Rules of Evidence.  Among the prior convictions that counsel sought to exclude was a 1995 conviction for possession of less than 25 grams of cocaine, a felony under Michigan law.  The record of McNairy's criminal history attached to the Motion In Limine as Exhibit A (Crim. docket no. 180-1) identified this offense, from a 2002 presentence report prepared by the Western District of Michigan, as arising from officers' observation of McNairy on a street corner and his admission, when asked if he was in possession of drugs, that he had three pieces of crack cocaine in his jacket pocket. Counsel argued that evidence of this conviction should be excluded because of its "staleness."  In a belated Response (Crim. docket no. 238), the prosecution argued only for the admissibility of the 1995 conviction, on the ground that it was admissible under Rule 404(b) and circuit precedent as relevant to show a defendant's knowledge and intent; the prior conviction was similar in kind to the charged offenses and not overly remote in time; the prosecution had sufficient evidence of the prior offense in the form of a certified record; and the probative value of the conviction outweighed its potential for prejudice. As to the last issue, the prosecution argued that any potential prejudice could be mitigated by a limiting instruction on the proper purposes for which the evidence of the prior

conviction could be used. The prosecution also proposed to offer the evidence of the prior conviction in the form of a proffered stipulation.

In an Order (Crim. docket no. 242), filed February 4, 2011, I granted McNairy's Motion In Limine as to exclusion of all but the 1995 conviction. I pointed out that Rule 609 was irrelevant, where the defendant represented that he would not testify at trial, but that his reliance on Rule 403 stood on better ground, because the balancing of probative value against prejudice under Rule 404(b) and Rule 403 was the same. I also recognized that the Eighth Circuit Court of Appeals had held that evidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element. *See* Order at 3 (citing *United States v. Logan*, 121 F.3d 1172, 1178 (8th Cir. 1997), and subsequent decisions reiterating that conclusion). As to prejudice, I found that the prior offense was sufficiently similar in kind to the charged offenses, because they all involved crack cocaine, despite my stated reluctance to find this factor satisfied when the prior offense involved different conduct. I also concluded that the apparent "remoteness in time" of the prior offense was not beyond the range upheld by the Eighth Circuit Court of Appeals, but that the "remoteness" of the prior conviction was better addressed in the balancing of probative value against prejudice. I concluded that the proffered stipulation would satisfy the "sufficiency of proof" factor. Ultimately, "[a]lthough it [wa]s with some reluctance," I concluded that the balance of probative value against prejudice did not require exclusion of the 1995 crack cocaine conviction, where it involved the same controlled substance, McNairy had not identified any specific prejudice, and any prejudice could be mitigated by a limiting instruction. *Id*. at 5. On January 31, 2011, the prosecution filed an Amended Information (Crim. docket no. 213) notifying McNairy of its intent to seek enhanced penalties pursuant to 21 U.S.C. § 851, based on McNairy's 1995 conviction.

At the beginning of trial on February 7, 2011, one of the instructions that I read to the jurors before any evidence was presented was, in fact, an instruction on "evidence of a defendant's prior convictions," based on Eighth Circuit Criminal Model Jury Instruction 2.08 (2009). *See* Jury Instructions (Crim. docket no. 250), Instruction No. 9. McNairy and his trial counsel both signed the Stipulation Regarding Defendant's Prior Felony Drug Conviction (Stipulation) proffered by the prosecution. *See* Witness and Exhibit List, Prosecution's Exhibit 7 (Crim. docket no. 256-15). The Stipulation was read to the jurors and entered as an exhibit prior to the testimony of a law enforcement officer involved in the investigation of the charges against McNairy and his co-defendants, who also testified as an expert witness concerning various aspects of drug-trafficking.

The only other reference to McNairy's prior conviction in the trial record appears to be the following from McNairy's trial counsel's closing argument:

> The final instruction that we'd like you to consider is instruction number 9, evidence of a defendant's prior convictions. Right at the end of the government's case in chief [the prosecutor] read into evidence—I believe it's Government Exhibit 7 if my memory's correct that pertains to my client, and it pertains to his prior conviction for a felony drug possession, a felony drug possession in the state of Michigan.
>
> Now then, as you may remember and as you'll be given copies of during your jury deliberations, the Court gave you very specific instructions on how you can use a prior conviction. And you'll see that in instruction number 9, evidence of a defendant's prior convictions.
>
> But if you get to that point, if you get to that point, what's interesting is that it's a felony drug conviction for possession of less than 25 grams of cocaine, and that should impact your decision on Count 1, the conspiracy, if you have

> to utilize this instruction and this piece of evidence because the government's claiming this conspiracy, this criminal agreement of distribution, distribution of more than 28 grams.

Transcript Of Closing Arguments (Crim. docket no. 521), 29:7-25.

On February 10, 2011, the jury found McNairy guilty of the "conspiracy" offense and found him responsible for 28 grams or more of crack cocaine, and also found him guilty of both personally committing and aiding and abetting the two separate "distribution" offenses. As to the second "distribution" offense, the jurors also found that the distribution of the crack cocaine occurred within 1,000 feet of a school. Verdict Form (Crim. docket no. 254). At McNairy's sentencing hearing on June 20, 2011, I granted McNairy's motion for downward variance and sentenced him to the mandatory minimum for the "conspiracy" offense of 120 months of incarceration on Counts 1, 3, and 4, to run concurrently. Hearing Minutes (Crim. docket no. 403); Judgment (Crim. docket no. 413).

McNairy, through counsel, filed a Notice Of Appeal (Crim. docket no. 421) challenging his conviction. McNairy filed a *pro se* request for new counsel on appeal (Crim. docket no. 427), but in an Order (Crim. docket no. 430), filed July 12, 2011, this court denied that request. However, it appears that McNairy ultimately was not represented by the same counsel on appeal. *See* Opinion On Appeal, Correspondence To Counsel (Crim. docket no. 475-1). McNairy's appeal was consolidated with the appeal of the other co-defendant who went to trial. On appeal, McNairy and his co-defendant argued that there was insufficient evidence to convict them, but the Eighth Circuit Court of Appeals concluded that there was sufficient evidence that they "participated in specific cocaine transactions and were knowingly involved in a conspiracy to sell at least 28 grams of cocaine." The court explained that such evidence included "(1) testimony from cooperating witnesses who sold cocaine to and bought cocaine from both appellants; (2) testimony from undercover officers who observed both appellants participate in

controlled buys of cocaine; and (3) video and audio evidence documenting the controlled buys and the phone calls initiating them." Opinion (Crim. docket no. 475), 3. McNairy did not seek rehearing or file a petition for a writ of certiorari. Thus, a Mandate (Crim. docket no. 481) in accordance with the Opinion of the Eighth Circuit Court of Appeals issued on March 28, 2012.

### B.    Section 2255 Proceedings

On December 17, 2012, McNairy filed his *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aide, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1), asserting seven claims of ineffective assistance of his trial counsel, a claim of a violation of due process in that he was not able to aid in his defense, and a claim that the charges were not proved. In an Initial Review Order (Civ. docket no. 2), filed December 18, 2012, I required the respondent to file an answer, and the respondent filed its Answer (Civ. docket no. 3) on December 18, 2012. McNairy filed a *pro se* request for appointment of counsel (Civ. docket no. 5) on January 17, 2013, and, by Order (Civ. docket no. 6), filed on January 17, 2013, I granted that request and set a briefing schedule. After appointed counsel discovered a conflict from prior representation, by Order (Civ. docket no. 9), filed February 6, 2013, I directed appointment of another attorney for McNairy and reset the briefing schedule.

By Order (Civ. docket no. 22), filed August 26, 2013, I granted McNairy leave to file an amended § 2255 motion prepared by counsel and reset the briefing schedule yet again. In the Amended And Recast Motion Under § 2255 To Vacate, Set Aide, Or Correct Sentence (Amended § 2255 Motion) (Civ. docket no. 23), filed by counsel, McNairy seeks relief on eleven claims. Claims 1 and 2 are new claims of ineffective assistance of trial counsel. Claim 1 is based on trial counsel's conduct related to the admission and consideration of McNairy's prior drug felony. Claim 2 is based on trial

7

counsel's failure to object to, challenge, and limit the testimony of the prosecution's experts. Claims 3 through 9 are claims of ineffective assistance of counsel that were alleged in McNairy's original *pro se* § 2255 Motion, but counsel admits that the current record does not support any of these claims and that additional discovery would be needed to substantiate them.[1] Claim 10 reiterates McNairy's *pro se* claim of violation of his due process rights in that he was unable to aid in his defense, but admits that this claim was not raised on direct appeal. Claim 11 reiterates McNairy's *pro se* claim that the charges were not proved beyond a reasonable doubt, but admits that this issue was raised and rejected on appeal.

On October 2, 2013, McNairy, through counsel, filed his Substituted Memorandum In Support Of Amended And Recast Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence (Petitioner's Brief) (Civ. docket no. 24). In his Brief, McNairy's counsel argues only two of his ineffective assistance of counsel claims on the merits, concedes that there is no factual basis for the other five ineffective assistance of counsel claims, and concedes that his due process and sufficiency of proof claims are not supported by the law or the record. On December 3, 2013, the respondent filed its Response (Civ. docket no. 27), to which the respondent attached an affidavit of McNairy's trial counsel. On December 23, 2013, McNairy, through counsel, filed his Reply (Civ. docket no. 28). Regrettably, there the matter has languished until now, owing to the press of other work and clerical oversight.

---

[1] Although there is no such express admission in the Amended § 2255 Motion as to Claim 6, there is such an admission as to that claim in Petitioner's Brief (Civ. docket no. 24), 22-23.

## II.    LEGAL ANALYSIS

I will consider each of McNairy's claims or groups of claims separately, as the claims and record warrant. However, I will first summarize the standards applicable to a claim for § 2255 relief.

### A.    Standards For § 2255 Relief

#### 1.    Grounds for relief

"Section 2255 [of Title 28 of the United States Code] 'was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)). Nevertheless, "[l]ike habeas corpus, this remedy 'does not encompass all claimed errors in conviction and sentencing.'" *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Specifically, § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, § 2255 "provides a remedy for jurisdictional and constitutional errors," but "[b]eyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; 'an error of law does not provide a basis for collateral attack unless the claimed error constituted "a fundamental defect which inherently results in a complete miscarriage of justice."'" *Sun Bear*, 688

F.3d at 704 (quoting *Addonizio*, 442 U.S. at 185, in turn quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *accord Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) ("'Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.'" (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

In addition, where an issue *was* raised, considered, and rejected on the merits on direct appeal, "it may not be raised in a motion for post-conviction relief under 28 U.S.C. § 2255 or § 2241." *United States v. Rhodes*, 730 F.3d 727, 731 (8th Cir. 2013). On the other hand, where a claim *was not* raised on direct appeal, it generally may be raised in a § 2255 motion. *Walking Eagle*, 742 F.3d at 1082. A petitioner may overcome "procedural default" from failure to raise a claim on direct appeal, however, if the petitioner establishes both "'cause for the procedural default and actual prejudice resulting from the error.'" *Id.* (quoting *Apfel*, 97 F.3d at 1076, in turn citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). "'Absent unusual circumstances, a showing of ineffective assistance of counsel satisfies both cause and prejudice.'" *Id.* (quoting *Apfel*, 97 F.3d at 1076)). Indeed, "ineffective assistance of counsel" claims are not procedurally defaulted when brought for the first time pursuant to § 2255. *Massaro v. United States*, 538 U.S. 500, 508 (2003). The Eighth Circuit Court of Appeals has also expressly recognized that a claim of "ineffective assistance of counsel" should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Therefore, when I can construe a petitioner's claim as a claim of ineffective assistance of counsel, I will consider that claim on the merits.

Not only does ineffective assistance of counsel establish "cause and prejudice" to overcome procedural default, in my experience, such claims are far and away the most common claims for § 2255 relief. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel not only at trial, but at sentencing, on direct appeal, and during other "critical" phases of the criminal proceedings. *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010) (negotiation of a plea bargain); Burger v. Kemp, 483 U.S. 776, 803–04 (1987) (pretrial plea negotiations); Evitts v. Lucey, 469 U.S. 387, 396 (1985) (direct appeal); Gardner v. Florida, 430 U.S. 349, 358 (1977) (sentencing). The Eighth Circuit Court of Appeals has recognized that, if a defendant was denied the effective assistance of counsel guaranteed by the Sixth Amendment, "then his sentence was imposed 'in violation of the Constitution,' . . . and he is entitled to relief" pursuant to § 2255(a). *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010). I will consider the standards applicable to an ineffective assistance of counsel claim in more detail when I turn to consideration of McNairy's numerous ineffective assistance of counsel claims.

### 2. *Standards for an evidentiary hearing*

One further procedural matter that is often of considerable importance in § 2255 proceedings is the standard for an evidentiary hearing. As the Eighth Circuit Court of Appeals recently explained,

> "Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." [*Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013)]. "The district court is not permitted to make a credibility determination on the affidavits alone." *Id*. at 1206.

*United States v. Sellner*, 773 F.3d 927, 929 (8th Cir. 2014). Indeed, "'[w]here petitioner's allegations, if true, amount to ineffective assistance of counsel, a hearing must be held unless the record 'affirmatively refutes the factual assertions upon which [the claim] is based.'"" *Franco v. United States*, 762 F.3d 761, 763 (8th Cir. 2014) (citing *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007), in turn quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)).

On the other hand,

> [The district court] may . . . deny an evidentiary hearing if
> "(1) the [petitioner's] allegations, accepted as true, would not
> entitle the [petitioner] to relief, or (2) the allegations cannot
> be accepted as true because they are contradicted by the
> record, inherently incredible, or conclusions rather than
> statements of fact." [*Thomas*, 737 F.3d] at 1206–07
> (alterations in original) (quoting *Buster v. United States*, 447
> F.3d 1130, 1132 (8th Cir.2006)).

*Sellner*, 773 F.3d at 929-930; *accord Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014) (citing 28 U.S.C. § 2255(b)); *Franco*, 762 F.3d at 763; *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013).

The district court's denial of an evidentiary hearing is reviewed for abuse of discretion. *Sellner*, 773 F.3d at 929; *see also United States v. Fausto*, 754 F.3d 640, 642 (8th Cir. 2014) (explaining that, to determine whether the district court abused its discretion in denying an evidentiary hearing, the court must review de novo the validity of a petitioner's § 2255 claims).

## B.   McNairy's "Ineffective Assistance Of Counsel" Claims

As explained above, McNairy asserts nine claims of ineffective assistance of counsel in his Amended § 2255 Motion, but has briefed only two of them on the merits.

Before considering these claims, I will summarize the requirements for proof of an ineffective assistance of counsel claim.

### 1. Applicable standards

As the Eighth Circuit Court of Appeals has explained,

> "Normally, in order to succeed on a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir.2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*Sweeney v. United States*, 766 F.3d 857, 859-60 (8th Cir. 2014). These two prongs require some further explication.

"Deficient" performance is performance that falls "'below an objective standard of reasonableness,'" *Lafler v. Cooper*, ___ U.S. ___, ___, 132 U.S. 1376, 1384 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)), that is, conduct that failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Donnell v. United States*, 765 F.3d 817, 821 (8th Cir. 2014). Thus, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, ___, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 687)).

"To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384 (quoting *Strickland*, 466 U.S. at 694). The Court has explained more specifically what a "reasonable probability" means:

> "A reasonable probability is a probability sufficient to undermine confidence in the outcome." [*Strickland*, 466 U.S. at 694]. That requires a "substantial," not just "conceivable," likelihood of a different result. *Richter*, 562 U.S., at ___, 131 S. Ct., at 791.

*Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S. Ct. 1388, 1403 (2011). Ultimately, a showing of "prejudice" requires counsel's errors to be "'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Richter*, ___ U.S. at ___, 131 S. Ct. at 787-88 (quoting *Strickland*, 466 U.S. at 687). As the Eighth Circuit Court of Appeals has explained, however,

> [P]rejudice may be presumed when the defendant experiences a "complete denial of counsel" at a critical stage of his trial. *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). "[T]he trial is the paradigmatic critical stage." *United States v. Turner*, 975 F.2d 490, 496 (8th Cir.1992).

*Sweeney*, 766 F.3d at 859-60.

I turn now to consideration of McNairy's ineffective assistance of counsel claims under these standards.

### 2.     *Inadequate challenges to prior conviction evidence*

One of the claims that McNairy has briefed on the merits is his claim based on trial counsel's conduct related to the admission and consideration of McNairy's prior drug felony conviction in 1995. This claim attacks the adequacy of trial counsel's motion in limine, his stipulation to the 1995 conviction, and his reference to the prior conviction in his closing argument. The respondent argues that McNairy is not entitled to any relief on this claim.

### a.     *Arguments of the parties*

McNairy argues that his trial counsel filed only a "skeletal" motion in limine with no details about the substance of the 1995 conviction. He also argues that, when the

prosecution provided no specific reasons for admission of the evidence, his trial counsel failed to point out that deficiency. He adds that, at trial, the prosecution submitted the Stipulation about it into evidence without further comment, simply leaving the jurors with the impression that he was a "bad guy" because he had a prior drug conviction. He contends that trial counsel also failed to assert that the prior conviction was simply not relevant to any issue that the jurors had to decide. He argues that trial counsel also failed to argue the lack of substantial similarity between a prior conviction, involving possession of only three "rocks" of crack cocaine, and the charges of conspiracy to distribute and distribution at issue in the trial or to argue that the prior conviction was so remote as to shed little light on the charged conduct.

McNairy argues that no reasonable attorney would have allowed this evidence to be presented to the jury without a fight, and if the attorney lost that fight, to fail to try to limit the use of the evidence by the jury. He contends that such evidence is potentially very prejudicial, without appropriate limitations, because of the risk that it will lure jurors into declaring guilt on grounds other than the proof of charged offenses. McNairy also argues that, after stipulating to the prior conviction and not continuing the fight about the purposes for which such evidence was offered, trial counsel then gave a confusing closing argument about the prior conviction that highlighted it, when there had been no reference to it in the prosecution's closing argument. McNairy contends that trial counsel's closing argument actually invited the jurors to consider the drug quantity involved in the prior offense in their consideration of the charged offenses. He contends that, because the other evidence of drug quantity from cooperating witnesses was so highly suspect, it is more likely than not that, absent these errors, the jurors would not have found him responsible for 28 grams or more of crack cocaine.

In response, the respondent argues that trial counsel did file a motion in limine challenging the admissibility of the 1995 conviction and other convictions in McNairy's

criminal history and that the motion in limine adequately raised the issues of the probative value of the 1995 conviction versus its potential for prejudice and its remoteness in time from the charged conduct. Once the court overruled that motion in limine, however, the respondent argues, trial counsel made a reasonable strategic decision to minimize the evidence about the 1995 conviction by entering into the Stipulation. The respondent also argues that trial counsel's closing argument was a strategic attempt to contrast the drug quantity involved in the 1995 conviction with the larger drug quantity at issue in the charged conspiracy. Thus, the respondent argues that no relief is warranted on this claim.

In reply, McNairy argues that, in ruling on his motion in limine, I scolded his trial counsel for his reliance on Rule 609, which was plainly irrelevant where McNairy was not going to testify. He also reiterates his contention that trial counsel did not do nearly enough in that motion to distinguish a charge based on possession of three "rocks" of crack cocaine, which is consistent with personal use by an addict, from charges of conspiring to distribute larger quantities of crack cocaine and actually distributing crack cocaine. He also reiterates that, while there may be proper Rule 404(b) purposes for admitting evidence of prior drug convictions, none of those purposes were ever identified by the prosecution, his counsel did not press for an explanation of or a limit on the use of such evidence, and I provided only a "generic" limiting instruction to the jury. He argues that the evidence was only going to be allowed in, because his trial counsel made an inadequate challenge to it, so that his Stipulation was not reasonable. He also argues that it was prejudicial for the jury to hear the most about the prior conviction from his own counsel.

### b.    Analysis

I must first consider whether trial counsel's performance fell "'below an objective standard of reasonableness,'" *Lafler*, ___ U.S. at ___, 132 U.S. at 1384 (quoting *Hill*, 474 U.S. at 57), that is, failed to conform to the degree of skill, care, and diligence of a

reasonably competent attorney, *Strickland*, 466 U.S. at 687; *Donnell*, 765 F.3d at 821. I find that filing a motion in limine relying solely on Rule 609 of the Federal Rules of Evidence, a rule that expressly applies when a defendant testifies, *see* FED. R. EVID. 609(a)(1)(B), in a case in which the defendant expressly states that he will not testify, is certainly sloppy and well below my expectations. Nevertheless, disappointing as I may have found trial counsel's Motion In Limine in this case, I cannot say that it failed an objective standard of reasonableness where, notwithstanding trial counsel's reliance on the wrong rule of evidence, the motion did raise the most relevant issue of the balance of probative value versus prejudice, including the fact that the prior conviction was many years earlier than the charged conduct. This is so, because Rules 609(a)(1)(B), 403, and 404(b) of the Federal Rules of Evidence all have as their basis or a component such a balancing of probative value versus prejudice.

Furthermore, nothing in the record suggests that, had McNairy's trial counsel filed a "better" motion in limine, there is a "'reasonable probability that . . . the result of the proceeding would have been different.'" *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384 (quoting *Strickland*, 466 U.S. at 694). This is so, because, notwithstanding trial counsel's primary reliance on Rule 609, I relied on the proper rules, Rules 404(b) and 403, in my ruling. It is also so, because, in my ruling, I took note of circuit precedent holding that evidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element. *See* Order at 3 (citing *United States v. Logan*, 121 F.3d 1172, 1178 (8th Cir. 1997), and subsequent decisions reiterating that conclusion). This precedent defeats the argument that McNairy now makes that possession of three "rocks" of crack cocaine, consistent with personal use, is not probative of any proper Rule 404(b) purpose on charges of conspiracy to distribute and distribution of drugs. I also limited the potential for prejudice by giving a limiting

instruction on the proper uses for which the prior conviction evidence could be used, before any evidence was presented.

Nor can I find that trial counsel's conduct in stipulating to the prior conviction was either deficient performance or prejudicial, under the *Strickland* standards. *Lafler*, ___ U.S. at ___, 132 U.S. at 1384. The stipulation, stating only the date of conviction and the crime, minimized the risk of prejudice, particularly in conjunction with the limiting instruction given to the jury. *See United States v. Cole*, 537 F.3d 923, 928 (8th Cir. 2008) ("[T]he probative value of the prior convictions was not substantially outweighed by the danger of unfair prejudice because any such risk [w]as minimized by the stipulation, which recited only the dates of conviction and the crimes, and the district court's limiting instruction to the jury.").

While I agree that trial counsel's closing argument concerning the 1995 prior conviction was inartful, I also conclude that trial counsel was not ineffective in bringing up McNairy's prior conviction during closing argument. The decision whether or not to address in closing argument certain evidence admitted at trial strikes me as the sort of strategic or tactical decision that is "virtually unchallengeable," at least in the circumstances of this case. *Cf. Williams v. Roper*, 695 F.3d 825, 844 (8th Cir. 20112) (explaining when "strategic decisions" are "virtually unchallengeable" under *Strickland*). The evidence had been admitted—rightly, I believe, notwithstanding McNairy's present arguments—and counsel reasonably believed that the prior conviction could be distinguished from the charged conspiracy on the ground that it involved a far smaller quantity of crack cocaine, so that it provided little insight on any permissible purpose for which that prior conviction evidence could be used, as set out in the limiting instruction. There is also absolutely no support in the record for McNairy's contention that there is a reasonable probability that the jury would have reached a different quantity determination had the prior conviction evidence either not been admitted or had his trial counsel not

referred to the prior conviction in his closing argument. *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384 (to show prejudice under *Strickland*, there must be a "'reasonable probability that . . . the result of the proceeding would have been different.'" (quoting *Strickland*, 466 U.S. at 694)). As the Eighth Circuit Court of Appeals pointed out, on McNairy's direct appeal, there was sufficient evidence that McNairy and his co-defendant "participated in specific cocaine transactions and were knowingly involved in a conspiracy to sell at least 28 grams of cocaine," based on evidence including "(1) testimony from cooperating witnesses who sold cocaine to and bought cocaine from both appellants; (2) testimony from undercover officers who observed both appellants participate in controlled buys of cocaine; and (3) video and audio evidence documenting the controlled buys and the phone calls initiating them." Opinion (Crim. docket no. 475), 3. McNairy's contention that his trial counsel's reference to the quantity involved in the prior conviction tipped the scales over 28 grams for which McNairy was responsible is simply contrary to the record and entirely speculative. *See Sellner*, 773 F.3d at 929 (no evidentiary hearing is required when the petitioner's contentions are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

McNairy is not entitled to an evidentiary hearing or § 2255 relief on this claim.

### 3. *Failure to challenge "expert" testimony of law enforcement officers*

The only other claim that McNairy has briefed on the merits is his ineffective assistance of counsel claim based on trial counsel's failure to object to, challenge, and limit the testimony of the prosecution's experts. The respondent argues that McNairy is not entitled to any relief on this claim.

#### a. *Arguments of the parties*

McNairy argues that two case agents, Agents Johnson and Allen, testified as "experts," but their "expert" testimony related to matters that were irrelevant in this

case, such as how crack cocaine is manufactured and how drug-trafficking organizations work, including the roles of the different players.  McNairy argues that his trial counsel was ineffective in failing to challenge such "expert" testimony, because it was not relevant and lacked a reliable foundation.  He argues that, as to reliability, the testimony of these experts was based on inadmissible "testimonial" hearsay from informants, debriefings, and testimony in other cases.  He argues that, because his trial counsel made no objection to such testimony, he did not have the constitutional right to confront the underlying declarants.  He also argues that the evidence included inadmissible "profiling" information.  Finally, he argues that his trial counsel failed to object to "expert" testimony that was not clearly distinguished from testimony about "investigations" in his case and that too broadly addressed conduct of others (including drug quantities distributed) that was not shown to relate to McNairy.

In response, the respondent argues that testimony by Agents Johnson and Allen about their investigations of the conduct of McNairy and others was relevant and admissible against McNairy, because it was relevant to the overall conspiracy in which McNairy was involved.  The respondent also argues that testimony that McNairy contends had nothing to do with his case, like what is crack cocaine and how it is made and sold, was based on the agents' training and experience and relevant and helpful to jurors to explain the workings of the drug-trafficking conspiracy in which McNairy and his co-defendants were involved.  The respondent contends that McNairy's trial counsel was not required to make frivolous objections to the testimony of these witnesses and where he could, theoretically, have objected, he made reasonable strategic decisions not to do so.

In reply, McNairy argues that the respondent has missed the point, because this was a "sale" case, not a "manufacturing" case, so evidence about manufacturing crack cocaine was simply irrelevant.  He argues that such evidence gave jurors the impression

that the conspiracy at issue was much bigger than it really was or involved a much bigger organization than it really did. He also argues that, because law enforcement officers are already considered inherently trustworthy, making them "experts" turned them into "superwitnesses." McNairy also reiterates that the testimony of these "experts" was not reliable, because it was not enough that it was gained from years of experience, where there was no examination of the inadmissible, "testimonial" hearsay from which it was developed.

### b. Analysis

There are no factual allegations to suggest that, in failing to challenge the "expert" testimony of law enforcement officers, McNairy's trial counsel's performance fell "'below an objective standard of reasonableness,'" *Lafler*, ___ U.S. at ___, 132 U.S. at 1384 (quoting *Hill*, 474 U.S. at 57), that is, failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney, *Strickland*, 466 U.S. at 687; *Donnell*, 765 F.3d at 821. Nor are there any factual allegations suggesting that, had his trial counsel done so, there is a "'reasonable probability that . . . the result of the proceeding would have been different.'" *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384 (quoting *Strickland*, 466 U.S. at 694). Mere conclusions are not enough to warrant an evidentiary hearing, and no factual disputes that can only be resolved by an evidentiary hearing are apparent as to this claim. *Sellner*, 773 F.3d at 929-30.

Like the defendants in *United States v. Holmes*, 751 F.3d 846 (8th Cir. 2014), McNairy's challenge to "expert" testimony by a law enforcement officer about the *modus operandi* of drug dealers "misread[s] *Kumho Tire [Co. v. Carmichael*, 526 U.S. 137 (1999),] and exaggerate[s] the importance of error rates in non-scientific evidence." 751 F.3d at 850. As the Eighth Circuit Court of Appeals has explained,

> [A law enforcement officer's] testimony [about the modus operandi of drug dealers] is non-scientific evidence, and not

all of the *Daubert* factors necessarily apply. *Kumho Tire*, 526 U.S. at 150, 119 S.Ct. 1167. Expert testimony must rest on reliable principles and methods, but the "relevant reliability concerns may focus upon personal knowledge or experience" rather than scientific foundations. *Id*. This court has repeatedly approved of law enforcement officials testifying as experts on the modus operandi of drug dealers. *See, e.g., [United States v.] Schwarck*, 719 F.3d [921,] 923 [(8th Cir. 2013)]; *[United States v.] Molina*, 172 F.3d [1048,] 1056 [(8th Cir. 1999)] ("A district court has discretion to allow law enforcement officials to testify as experts concerning the modus operandi of drug dealers in areas concerning activities which are not something with which most jurors are familiar.").

*Holmes*, 751 F.3d at 850. The law enforcement officers who testified as "experts" were properly qualified and their testimony was relevant, because the workings of a drug conspiracy were beyond the realm of activities with which most jurors are familiar. While McNairy is correct that "drug courier profile evidence" is "generally inadmissible," *id*. (citing *Florida v. Royer*, 460 U.S. 491, 493 (1983)), McNairy has not shown that the experts testified to "investigative techniques" used by law enforcement officers to identify potential drug couriers, rather than to proper *modus operandi* evidence. *Id*.

Furthermore, McNairy offers nothing but speculation to support his assertion that the law enforcement officers' "expert" testimony was based merely upon the hearsay statements of non-witness drug dealers. Rather, the record shows that these law enforcement officers had participated in undercover drug investigations and that they were testifying to matters based on their own personal experience and training. *See United States v. Placensia*, 352 F.3d 1152, 1165 (8th Cir. 2003) (rejecting a similar challenge on this ground); *see also Sphere Drake Ins. P.L.C. v. Trisko*, 226 F.3d 951, 955 (8th Cir. 2000) (explaining that an investigating officer was entitled to rely on

hearsay, such as the statements of informants, so long as the hearsay was of the type reasonably relied upon by experts in his field).

While it is possible that such "expert" testimony could become inadmissible, if it is too far removed from matters at issue in a specific case, McNairy's challenge to relevance is contrary to the record in this case and applicable law. McNairy was allegedly involved in (and was shown to be involved in) a drug conspiracy, and evidence of how a conspiracy works, including how crack cocaine is made and sold, was not too far removed from the charged conduct to be admissible. Furthermore, McNairy's complaint that the "expert" testimony too broadly addressed conduct of others (including drug quantities distributed by others), which was not shown to relate to McNairy, also fails, because a co-conspirator is liable for conduct of other co-conspirators, including drug quantities that they distributed, in furtherance of the conspiracy. *See, e.g., United States v. Foxx*, 544 F.3d 943, 953 (8th Cir. 2008).

Furthermore, the claim of *Strickland* "prejudice" is contrary to the record and too speculative to warrant a hearing or relief, even if trial counsel had performed deficiently. *See Sellner*, 773 F.3d at 929 (no evidentiary hearing is required when the petitioner's contentions are contradicted by the record, inherently incredible, or conclusions rather than statements of fact). The testimony of these "experts" was far from the only evidence that tied McNairy to the conspiracy and to the quantities of crack cocaine for which the jury found him responsible. Evidence of these "experts" was not expressly identified by the Eighth Circuit Court of Appeals as the basis for concluding that the jurors had sufficient evidence to find McNairy guilty of a conspiracy involving 28 grams or more of crack cocaine. *See* Opinion (Crim. docket no. 475) at 3 (identifying that evidence as including "(1) testimony from cooperating witnesses who sold cocaine to and bought cocaine from both appellants; (2) testimony from undercover officers who observed both

appellants participate in controlled buys of cocaine; and (3) video and audio evidence documenting the controlled buys and the phone calls initiating them").

McNairy is not entitled to an evidentiary hearing or § 2255 relief on this claim.

### 4. *Other ineffective assistance of counsel claims*

McNairy asserts six other claims of ineffective assistance of trial counsel, and one claim of ineffective assistance of appellate counsel. Those claims are the following: failure of trial counsel to adequately investigate and prepare for trial, as alleged in Claim 3; failure of trial counsel to present a viable defense, including failure to present a defense of "buyer/seller relationship" with regard to the conspiracy charge, as alleged in Claim 4 (or as to appellate counsel, as alleged in Count 9); failure of trial counsel to obtain grand jury transcripts and to use those transcripts to impeach prosecution witnesses, as alleged in Claim 5; failure of trial counsel to object to the prosecutor's allegedly damaging and prejudicial statements made in closing argument, as alleged in Claim 6; failure of trial counsel to properly inform McNairy of the amount of time that he was facing if convicted, as alleged in Claim 7; failure of trial counsel to file motions requested by McNairy, as alleged in Claim 8; and failure of appellate counsel to raise a viable defense of "buyer/seller relationship" with regard to the conspiracy charge, as alleged in Claim 9. McNairy's § 2255 counsel concedes that the record has not revealed facts to support these claims, although McNairy's § 2255 counsel argues that further investigation, including discovery, may demonstrate that there is evidence to support these claims.

At this point, these claims are based on no more than speculation. Mere speculation and conclusions are not enough to warrant an evidentiary hearing, and no factual disputes that can only be resolved by an evidentiary hearing are apparent as to any of these claims. *Sellner*, 773 F.3d at 929-30. Furthermore, there are no factual allegations to suggest that McNairy's trial counsel's performance (or his appellate counsel's performance) fell "'below an objective standard of reasonableness,'" *Lafler*,

___ U.S. at ___, 132 U.S. at 1384 (quoting *Hill*, 474 U.S. at 57), that is, failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney, *Strickland*, 466 U.S. at 687; *Donnell*, 765 F.3d at 821. Nor are there any factual allegations suggesting that, there is a "'reasonable probability that . . . the result of the proceeding would have been different,'" had his trial or appellate counsel performed differently. *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384 (quoting *Strickland*, 466 U.S. at 694).

Thus, McNairy is not entitled to an evidentiary hearing or § 2255 relief on any of these claims.

### C. McNairy's Claims Of Other Constitutional Violations

McNairy asserts two claims of constitutional violations that did not involve ineffective assistance of counsel. Specifically, Claim 10 is a claim of violation of McNairy's due process rights in that he was unable to aid in his defense, but McNairy's § 2255 counsel admits that this claim was not raised on direct appeal. Claim 11 is a claim that the charges were not proved beyond a reasonable doubt, but McNairy's § 2255 counsel admits that this issue was raised and rejected on appeal. Again, a petitioner who fails to raise a claim on direct appeal generally may not raise that claim in a § 2255 motion, *Walking Eagle*, 742 F.3d at 1082, and McNairy does not assert "cause and prejudice" for failing to assert Claim 10 on direct appeal. Similarly, where an issue has been considered and rejected on the merits on direct appeal, "it may not be raised in a motion for post-conviction relief under 28 U.S.C. § 2255 or § 2241." *Rhodes*, 730 F.3d at 731. McNairy does not assert that there is any exception to this rule that would allow him to raise Claim 11 as a claim for § 2255 relief.

Thus, McNairy is not entitled to an evidentiary hearing or § 2255 relief on either of these claims.

### D.     Certificate Of Appealability

Denial of all of McNairy's claims for § 2255 relief raises the question of whether or not he is entitled to a certificate of appealability on those claims.  In order to obtain a certificate of appealability on those claims, McNairy must make a substantial showing of the denial of a constitutional right.  *See Miller–El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076–77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873–74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller–El v. Cockrell* that, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  I conclude that McNairy has failed to make a substantial showing that any of his claims are debatable among reasonable jurists, that a court could resolve any of the issues raised in those claims differently, or that any question raised in those claims deserves further proceedings. Consequently, a certificate of appealability is denied as to all of his claims.  *See* 28 U.S.C. § 2253(c)(1)(B); Miller-El, 537 U.S. at 335-36; Cox, 133 F.3d at 569.

### III.    CONCLUSION

Upon the foregoing, petitioner Robert McNairy's Amended And Recast Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence (Amended § 2255 Motion) (Civ. docket no. 23) is **denied in its entirety**.  This matter is **dismissed in its entirety**, and no certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED**.

**DATED** this 13th day of Febrtuary, 2015.

MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA